UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DESHAWN A. FOSTER,

    Petitioner,

v.

CARMEN D. PALMER,

    Respondent.

_____/

Case No. 1:14-cv-1102

HON. JANET T. NEFF

**OPINION AND ORDER**

    This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R) recommending that this Court deny the petition as time-barred by the one-year statute of limitations (Dkt 6 at 1). The matter is presently before the Court on Petitioner's objections (Dkt 11) to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order. The Court will also issue a Judgment in this § 2254 proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

    Petitioner pleaded guilty to torture, kidnapping, and third-offense domestic violence. He was sentenced as a third felony offender to two prison terms of thirty-three to sixty-six years on the torture and kidnapping convictions and two years and eight months to four years on the domestic violence conviction.

Petitioner objects to the Magistrate Judge's conclusion that his habeas petition is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA) (Pet'r Obj., Dkt 11 at 1; R & R Dkt 6 at 1). More specifically, Petitioner asserts that he is entitled to equitable tolling of the statute of limitations (Pet'r Obj., Dkt 11 at 1). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted).

**Factual Allegations**

According to Petitioner, he sought the help of the Michigan Department of Corrections (MDOC) Legal Writer's Program to prepare a motion for relief from judgment (Pet'r Obj., Dkt 11 at 3). This program provides legal training to inmates who then provide assistance to other prisoners by drafting legal documents. MDOC Policy Directive 05.03.116(R)–(U) (effective Oct. 17, 2014). Petitioner was accepted into the program in January 2012, and the program's supervisor provided all of Petitioner's legal documents to the inmate who would be drafting Petitioner's motion (Pet'r Obj., Dkt 11 at 3). In May 2012, Petitioner was moved to segregation and later transferred to a different prison, and he claims that his legal materials were not transferred until July 2012 (*id.* at 3-4). In September 2012, Petitioner received a motion for relief from judgment from the Writer's Program, but it contained incomplete and inaccurate information (*id.* at 4). Petitioner returned the motion, which resulted in additional delays (*id.*).

On November 25, 2012, Petitioner was informed that he did not qualify for the Legal Writer's Program because he has a GED and was not currently in segregation (*id.*). Petitioner purposely committed an infraction that would require him to be moved to segregation "so he could receive the assistance needed to gain access to the courts" (*id.*) Petitioner asserts that he stopped receiving responses from the Legal Writer's program and that his legal materials were not returned to him (*id.*).

Petitioner requested replacement legal documents from the court and received them on or about April 29, 2013 (*id.* at 5). Petitioner filed his motion for relief from judgment on August 29, 2013 (*id.*) He claims that the four-month delay was due to "limited access to the [prison] law library in segregation as well as limited access to the prisoner providing the necessary assistance" (*id.*). Petitioner also asserts that he was "misinformed by this prisoner that as long as he filed his federal habeas corpus [petition] within one year of the Michigan Supreme Court[']s Ruling on his leave to appeal … the court would hear it" (*id.*) The Michigan Supreme Court denied leave to appeal the trial court's denial of Petitioner's motion for relief from judgment on July 29, 2014 (R & R, Dkt 6 at 2). Petitioner filed his habeas application on or about November 21, 2014 (*id.* at 3).

## Equitable Tolling

As an initial matter, the fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitation does not warrant tolling. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (explaining that "this court has repeatedly held that 'ignorance of the law alone is not sufficient to warrant equitable tolling'") (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991). In addition, even if Petitioner can establish that an

"extraordinary circumstance stood in his way," he has not demonstrated that he was diligently pursuing his rights. *Holland*, 560 U.S. at 649.

Petitioner contends that he sought the assistance of the Legal Writer's Program because he is unable "to comprehend the substance of or applicability of the law" due to a learning disability (Pet'r Obj., Dkt 11 at 2). Petitioner argues that the Legal Writer's Program was an "external circumstance" "beyond his control that 'prevented him from filing on time'" (*id.* at 7). Because the "program did absolutely nothing the entire time they had his documents," Petitioner contends that it was a "state-imposed impediment that prevented the petitioner from filing his 6.500 motion with the trial court" (*id.* at 6). However, Petitioner's argument is without merit. A "State's effort to assist a prisoner in post-conviction proceedings by appointing counsel does not make the State accountable for a prisoner's delay and missing the statute of limitation's filing deadline." *Brown v. Bauman*, No. 2:10-cv-265, 2012 WL 1229397, *11 (W.D. Mich. April 12, 2012) (rejecting the petitioner's argument that it was the fault of the MDOC legal writer that his habeas petition was not prepared and filed by the deadline); *see Lawrence v. Florida*, 549 U.S. 327, 337 (2007) (a State's effort to assist prisoners in postconviction proceedings does not make the State accountable for a prisoner's delay). As a result, Petitioner's "compelled" reliance on the Legal Writer's program does not demonstrate an extraordinary circumstance.

Petitioner's alleged learning disability and the possible negligence or incompetence on the part of the Legal Writer's Program may have contributed to a delay in filing his motion for relief from judgment. However, even if these factors did amount to "extraordinary circumstances," Petitioner has not demonstrated that he has been diligent in pursuing his rights. *See Jones v. U.S.*, 689 F.3d 621, 627 (6th Cir. 2012) (finding that the combination of the petitioner's illiteracy, medical

4

conditions, and series of transfers without access to legal materials justified applying equitable tolling). When Petitioner was notified that he was ineligible for the Legal Writer's program, there was still approximately one month left within the one-year statute of limitations (*see* R & R, Dkt 6 at 4). Moreover, Petitioner received his replacement legal documents from the court on or about April 29, 2013, but he did not file his motion for relief from judgment in the trial court until August 26, 2013, which was nine months after Petitioner was notified that he did not qualify for the Legal Writer's program (Pet'r Obj., Dkt 11 at 4-5).

Petitioner contends that the four-month delay between receiving his legal documents and filing his motion was "due to the limited access to the law library in segregation as well as the limited access to the prisoner providing the assistance" (*id.* at 5). However, limited access to the law library does not warrant equitable tolling. *See Hall v. Warden, Lebanon Corr'al Inst.*, 662 F.3d 745, 752 (6th Cir. 2011) (stating that inability to access trial transcript in combination with "pro se status and limited law-library access" is not enough to warrant equitable tolling). Even if the Legal Writer's Program was the cause of some delay, Petitioner still did not file his motion for relief from judgment in the trial court until approximately nine months after he was notified that he did not qualify for the program. *See McClendon v. Sherman*, 329 F.3d 490, 495 (6th Cir. 2003) ("Although it might have been nearly impossible to file the federal petition within the one day [the petitioner] had remaining in his statutory limitation period, a reasonably diligent effort to file within a reasonably quick time might have entitled [the petitioner] to equitable tolling.").

Moreover, the Michigan Supreme Court denied leave to appeal the denial of Petitioner's motion for relief from judgment on July 29, 2014, and Petitioner did not file his habeas petition until November 21, 2014. As a result, his habeas petition was filed almost two years after the one-year

statute of limitations expired on December 26, 2012. Petitioner may have an explanation for the initial delay in filing his motion for relief from judgment, but he fails to properly explain waiting nine months to file after being notified that he did not qualify for the Legal Writer's program, which includes four months after receiving his replacement legal documents from the court. Moreover, Petitioner has failed to explain the additional four-month delay in filing his habeas petition after the Michigan Supreme Court denied his motion for leave to appeal.

For the reasons discussed above, Petitioner has failed to show that he is entitled to equitable tolling. Accordingly, the Magistrate Judge properly concluded that Petitioner's habeas petition is barred by the one-year statute of limitations.

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack,* 529 U.S. at 484. Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be

allowed to proceed further." *Id.* Upon review, this Court finds that reasonable jurists would not find the Court's procedural ruling debatable as to each issue asserted. A certificate of appealability will therefore be denied.

Accordingly:

**THEREFORE, IT IS ORDERED** that the Objections (Dkt 11) are DENIED and the Report and Recommendation of the Magistrate Judge (Dkt 6) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (Dkt 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issue asserted.


Dated: November 17, 2015                      /s/ Janet T. Neff
                                              JANET T. NEFF
                                              United States District Judge